ESTELLA M. WULFF, RESPONDENT, v. ATLANTIC CITY RAILROAD COMPANY, APPELLANT.

Decided November 4, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the appellant, *Floyd H. Bradley.*

For the respondent, *George D. Rothermel.*

PER CURIAM.

The plaintiff sued to recover compensation for the injuries sustained by her and for damage done to her automobile re-

sulting from a collision between her automobile and a freight car of the defendant company on an evening in December, 1926. The accident occurred where Atlantic avenue, along which she was driving, crossed the railroad tracks of the defendant company. Her claim was that as she approached the crossing she looked both ways along the railroad tracks and observed nothing approaching from either direction, nor anything standing at the crossing; that she made this observation after stopping near the tracks, having observed that two buses coming in the opposite direction had also stopped. After the buses had proceeded across the tracks she then started over herself and, according to her story, came into collision with a box car of the defendant company which she failed to observe until the actual moment of collision. The defendant company admitted the accident but claimed that the car into which she ran was stationary at the time of the accident. The trial of the case resulted in a verdict in favor of the plaintiff and the appeal is taken from the judgment entered thereon.

In our opinion, the finding of the jury, which was predicated upon the negligence of the railroad company, is entirely without proof to support it. No one testified that the box car was moving at the time of the accident; in fact, the plaintiff herself testified that immediately after the collision she got out of her car and found the box car standing on the crossing. If the car was not in motion at the time of the accident then the collision was not the result of any dereliction of duty on the part of the railroad company, for it had a right to stop this car on the crossing and was under no obligation to give warning of its presence. It was so held in the case of *Jacobson* v. *New York, Susquehanna and Western Railroad Co.,* 87 *N. J. L.* 378.

There was a motion to nonsuit based upon the theory that the presence of the standing car at this crossing was no ground for imputing negligence to the company. In our opinion, this motion should have been granted.

The judgment under review will be reversed.